# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD EDWARDS,** | : |
| **Plaintiff,** | : |
| | : |
| **v.** | :     **CIVIL ACTION NO. 19-CV-4609** |
| | : |
| **DANIEL BARANOSKI,** | : |
| **Defendant.** | : |

## MEMORANDUM

**PRATTER, J.**                                                    **OCTOBER 23, 2019**

Plaintiff Gerald Edwards, a self-represented litigant, filed this civil action pursuant to 42

U.S.C. § 1983 against the Honorable Daniel Baranoski, a Magisterial District Judge in Bucks

County. Mr. Edwards seeks leave to proceed *in forma pauperis*. For the following reasons, the

Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTS

Mr. Edwards's Complaint consists of sparse, disjointed allegations and voluminous

exhibits. He indicates his claims are based on what he believes was an illegal prosecution that

led to his conviction and incarceration. Mr. Edwards also alleges that "they would not let [him]

see a doctor or a [dentist] for [he] had 2 infected teeth, and no treatment for emphysema."

(Compl. ECF No. 2 at 4.)[1]  That allegation appears to be based on the conditions of Mr.

Edwards's incarceration.[2]  He seeks damages in the amount of $500,000.

---

[1] The Court adopts the pagination assigned to Mr. Edwards's Complaint by the CM/ECF system.

[2] Exhibits to Mr. Edwards's Complaint reflect that he was incarcerated from May 29, 2012 through June 28, 2012, from March 15, 2018 through March 19, 2018, and from April 3, 2019 through April 8, 2019. (Compl. ECF No. 2-3 at 32-34.)

Mr. Edwards attached numerous exhibits to his Complaint that reflect that he was found guilty of numerous summary offenses based on violations of local ordinances related to the maintenance of his property.[3] *See Commonwealth v. Edwards*, CP-09-SA-0000401-2019; CP-09-SA-0000318-2019; CP-09-SA-0000219-2018; CP-09-SA-0000301-2018 (Bucks Cty. Ct. of Common Pleas). District Justice Baranoski presided over the initial proceedings in those matters and directed Mr. Edwards to pay fines after finding him guilty on the cited violations. It is apparent that Mr. Edwards named District Justice Baranoski as a defendant in this case based on the handling of the case. (Compl. ECF No. 2-3 at 2-4.) Mr. Edwards alleges that District Justice Baranoski lacked subject matter jurisdiction, apparently because the citations "are not a law or in the pa. [sic] Statute" and because the proceedings were allegedly unconstitutional. (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Mr. Edwards leave to proceed *in forma pauperis* because it appears that he is not able to pay the fees to commence this civil action. Accordingly, Mr. Edwards's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory

---

[3] This is the fifth lawsuit that Mr. Edwards has filed about these citations and related events. *See Edwards v. Morgan*, Civ. A. No. 18-4776 (E.D. Pa.); *Edwards v. McDermott*, Civ. A. No. 18-4777 (E.D. Pa.); *Edwards v. Morgan*, Civ. A. No. 19-1897 (E.D. Pa.); *Edwards v. Rice*, Civ. A. No. 19-3559 (E.D. Pa.).

2

statements[] do not suffice." *Id.* Because Mr. Edwards is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Here, Mr. Edwards alleges that District Justice Baranoski lacked jurisdiction to adjudicate the citations issued related to his property. However, that allegation is unsupported and incorrect because magisterial district justices in Pennsylvania have jurisdiction to adjudicate summary offenses such as those with which Mr. Edwards was charged. *See* 42 Pa. Cons. Stat. § 1515(a)(1); *see also Comonwealth v. Heckman*, No. 3 C.D. 2013, 2013 WL 3357729, at *3 (Pa. Commw. Ct. July 3, 2013) (explaining that the magisterial district judge was "vested with jurisdiction" over proceedings involving a summary offense for a property maintenance code violation). That the proceedings resulted from violation of a local ordinance, and not a state law, did not deprive the judge of jurisdiction. Accordingly, because Mr. Edwards is seeking damages for acts taken by Magisterial District Justice Baranoski in his judicial capacity while presiding over Mr. Edwards's cases, Mr. Edwards's § 1983 claims are barred by absolute judicial

3

immunity.[4] *See Malcomb v. Dietz*, 487 F. App'x 683, 685 n.2 (3d Cir. 2012) (*per curiam*) ("We note that judicial immunity would still apply if Malcomb had challenged rulings made by the other judges involved in the underlying traffic citation proceedings."); *Lal v. Borough of Kennett Square*, 935 F. Supp. 570, 574 (E.D. Pa. 1996) (finding judicial immunity applied to claims against judge where plaintiff "was charged with numerous violations of borough ordinances" and the judge "fined him within the range specifically allowed by those ordinances"), *aff'd*, 124 F.3d 187 (3d Cir. 1997).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint. Mr. Edwards cannot cure the defects in his claims against District Justice Baranoski. Therefore, he will not be given leave to file an amended complaint in this case. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.

---

[4] To the extent Mr. Edwards intended to bring claims based on the conditions of his confinement, he has not alleged how this district judge was involved in the events giving rise to those claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In any event, it is not plausible that he could be held responsible for any constitutional violations allegedly committed by prison officials or employees. Accordingly, the Court will dismiss these claims without prejudice to Mr. Edwards filing a new civil action, should he seek to do so, based on his conditions of confinement against appropriate defendants responsible for the challenged conditions. Mr. Edwards should note that the statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 in Pennsylvania is two years, so any claims based on his 2012 incarceration, *see supra* note 2, have long been time-barred. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Furthermore, to the extent Mr. Edwards sought to bring any state law claims against this district justice, there is no basis for jurisdiction over those claims. *See* 28 U.S.C. § 1332(a).

4